**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BENZANTA VANZANT, #A62585,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-CV-105-NJR** |
| | ) | |
| **DR. SANTOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Benzanta Vanzant, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center ("Centralia"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts a claim under the Eighth Amendment for denial of medications for his chronic health conditions. (Doc. 2). Plaintiff originally brought this claim in *Vanzant v. C/O Berger*, No. 18-cv-02119-SMY, and it was severed into this separate action. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In the Complaint, Plaintiff claims he was denied medications for his chronic health

conditions – internal bleeding, acid reflux, arthritis, and gastric ulcers – while incarcerated at Centralia. (Doc. 1, pp. 21-29, 33-34, 105). Plaintiff was transferred to Centralia on March 7, 2018. (Doc. 1, p. 132). Upon arrival, a prescription order was written to continue Plaintiff's medications. *Id*. On March 25, his prescription for high blood pressure was renewed. (Doc. 1, p. 131). On April 7, the prescription orders for his other medications expired, and he encountered difficulty and delay in his attempts to renew the medications. (Doc. 1, pp. 21-29). He identifies a number of individuals he wrote to, and/or spoke to, regarding the need for his medications. *Id.* The only individual identified as a defendant for a claim of failure to provide medical care is Dr. Santos. (Doc. 1, pp. 1-3).

Plaintiff alleges he wrote to Santos on April 16 and 22, 2018, informing him that the medications for his chronic health conditions had expired and requesting renewal. (Doc. 1, pp. 24-25). On May 7, Plaintiff was called to the health care unit in response to an emergency grievance he submitted to the warden. (Doc. 1, p. 27). On May 11, he saw Santos and was told his medications had been renewed. (Doc. 1, p. 28-29). The renewed prescription order was dated May 8. (Doc. 1, p. 131).

Plaintiff also describes miscellaneous claims against non-parties for delay in receipt of medical permits, charging excessive co-pays, interference with privileged and/or legal mail, and ignoring his emergency grievances along with other grievance issues. (Doc. 1, pp. 21-32). When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them are considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

**<u>Discussion</u>**

Based on the allegations of the Complaint, the Court designates a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding its merit.

**Count 1:** Eighth Amendment claim against Santos for deliberate indifference to Plaintiff's serious medical needs by failing to renew medications for his chronic health conditions.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly*[1] pleading standard.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

Plaintiff suffers from chronic health conditions – internal bleeding, acid reflux, arthritis, and gastric ulcers[2] – that require treatment by ongoing medications. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or involves chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). For purposes of this Order, the Court presumes treatment of Plaintiff's chronic health conditions

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] Plaintiff also suffers from high blood pressure. His prescription medication for that condition was renewed on March 25. (Doc. 1, p. 131).

constitutes a serious medical need.

The allegations against Santos are sufficient to state a colorable deliberate indifference claim. *See Perez v. Fenoglio*, 792 F.3d 768, 779 (7th Cir. 2015); *see also Farmer v. Brennan*, 511 U.S. 825 (1994); *Gil v. Reed,* 381 F.3d 649, 661–62 (7th Cir. 2004)*; Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Plaintiff notified Santos that the medications for his chronic health conditions had expired. He alleges that without the prescription medications, the conditions are life threatening. Santos did nothing until an emergency grievance was filed weeks later. Only after that did Santos renew the prescription orders for Plaintiff's medications. The Court recognizes that there is a question as to whether Santos received Plaintiff's written requests for renewal of his medications. At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's allegations present "questions of fact that simply cannot be resolved in the absence of a record." *Perez*, 792 F.3d at 782. Accordingly, Count 1 shall receive further review as to Santos.

## Pending Motions

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 4), which will be denied[3] without prejudice at this time. Plaintiff discloses four unsuccessful efforts to contact attorneys via written correspondence. (Doc. 4, pp. 1, 7, 11, 13, 17, 21). Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff states that due to security issues he cannot speak with witnesses.

The Court finds Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff

---

[3] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

Plaintiff's Motion for Service at Government Expense (Doc. 5) will be denied as moot. Summons will be issued and served on Defendant as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshals Service or other process server. The Clerk will issue summons, and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 4) is **DENIED** without prejudice, and the Motion for Service at Government Expense (Doc. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **SANTOS**. The Clerk of Court shall prepare for **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally

effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 26, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate Defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, Defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**