# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENZANTA VANZANT, #A62585, | ) ) ) |
| Plaintiff, | ) ) Case No. 19-cv-00105-NJR |
| vs. | ) ) |
| VENERIO SANTOS, M.D., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Benzanta Vanzant, an inmate of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center, brings this civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts claims related to the failure to provide his prescription medication, "ferrous sulfate." (Doc. 2, 21).

Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary injunction seeking an order that Defendant Santos[1] cannot "discontinue, delay, or prevent the plaintiff's life-saving chronic medication ferrous sulfate." (Doc. 21, p. 1). Because Plaintiff seeks a temporary restraining order ("TRO"), the Court will consider

---

[1] Plaintiff also names Assistant Warden David Stock, Nurse David Hanks, and Nurse Anessa Shaw in the motion. (Doc. 21, pp. 8-9). He alleges that, in addition to Santos, those individuals are responsible for providing him necessary medical treatment. *Id*. Plaintiff has sought leave to add them as defendants but, at this time, leave has not been granted. Even if leave is granted, however, the Court's analysis would not change.

1

this request without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

Plaintiff alleges that in November 2018 Santos discontinued Plaintiff's ferrous sulfate which treats his "chronic internal hemorrhaging and blood anemia." (Doc. 21, pp. 7). On February 1, 2019, Santos put him back on the ferrous sulfate because his "blood level" had dropped. *Id*. Plaintiff alleges that his life was in danger during the time he was not taking the ferrous sulfate. *Id*. He wants the Court to order Santos not to discontinue or delay his ferrous sulfate prescription in the future.

A TRO is an order issued without notice to the party to be enjoined, and it may last no more than fourteen days. *See* Fed. R. Civ. P. 65(b)(2). It may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Plaintiff alleges Santos endangered his life by taking him off the ferrous sulfate from November 2018 to February 1, 2019. Santos began prescribing the medication again, however, and there is no indication that he intends to discontinue the prescription or prevent Plaintiff from taking the medication. There is nothing before the Court at this time that establishes Plaintiff faces any immediate or irreparable injury, loss, or damage that warrants a TRO. Accordingly, the request for TRO is **DENIED without prejudice**. The Court will **DEFER** ruling on Plaintiff's request for a preliminary injunction.

For these reasons, Plaintiff's request for temporary restraining order is **DENIED**, and the Court **DEFERS** ruling on the request for preliminary injunction.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

IT IS SO ORDERED.

DATED: 5/6/2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**