# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENZANTA VANZANT, #A62585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-105-NJR |
| | ) | |
| DR. VENERIO SANTOS, | ) | |
| ASSISTANT WARDEN DAVID STOCK, | ) | |
| DAVID HANKS, and | ) | |
| ANESSA SHAW, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Benzanta Vanzant, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Following screening of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single Eighth Amendment medical deliberate indifference claim against Defendant Santos. (Doc. 10). All other claims were dismissed without prejudice.

On April 19, 2019,[1] two days after Defendant Santos filed his Answer (Doc. 17), Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 19) and a proposed Amended Complaint. Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Plaintiff's

---

[1] This date is premised on the date the pleading was signed and considering the prison mailbox rule. *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015).

motion is timely and complies with Rule 15(a)(1). Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 19) will be granted, and the Clerk will be directed to file the First Amended Complaint. Of course, the First Amended Complaint is still subject to review pursuant to Section 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The First Amended Complaint**

The allegations in the First Amended Complaint are substantially the same as those summarized in the Court's initial Merit Review Order (Doc. 10), and the details will not be recounted here. Put simply, Plaintiff's claims all relate to Defendants' refusal to renew his medications that treat his chronic medical conditions. He alleges claims under federal and state law. The Court will identify and discuss any additional allegations as necessary to address Plaintiff's claims.

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following eleven counts:

> **Count 1:** **Eighth Amendment claim against Defendants for deliberate indifference to Plaintiff's chronic medical conditions by failing to renew Plaintiff's medications for those conditions.**
>
> **Count 2:** **Fourth or Fourteenth Amendment claim against Defendants for failing to renew Plaintiff's medications for his chronic medical conditions.**
>
> **Count 3:** **Fourteenth Amendment claim against Stock for mishandling Plaintiff's grievance.**
>
> **Count 4:** **Defendants failed to perform their official administrative duty**

|  |  |
|---|---|
| | to ensure medication was issued timely when requested by Plaintiff. |
| Count 5: | American with Disabilities Act (ADA) and Veterans' Disability Act claim against Defendants for failing to renew Plaintiff's medications for his chronic medical conditions and failing to perform their duty to ensure his medication was issued timely when requested by him. |
| Count 6: | State law gross negligence claim against Defendants. |
| Count 7: | State law assault, battery, and torture claims against Defendants. |
| Count 8: | Defendants conspired to violate Plaintiff's constitutional rights in violation of 18 U.S.C. § 241 and § 242. |
| Count 9: | Illinois constitutional law claim against Defendants for denying and/or failing to renew Plaintiff's medications for his chronic medical conditions and failing to perform their duty to ensure his medication was issued timely when requested by him. |
| Count 10: | Failure to comply with 730 ILCS 5/3-6-2(e) and (f). |
| Count 11: | Intentional infliction of emotional distress claim against Defendants. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly*[2] pleading standard.**

### Preliminary Dismissals

Plaintiff asserts claims against Defendants in their individual and official capacities. As a preliminary matter, the official capacity claims are dismissed with prejudice. *See Will v. Michigan*

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Dep't of State Police*, 491 U.S. 58, 71 (1989) (an individual in his official capacity is not a person for purposes of section 1983).

Further, to the extent Plaintiff is attempting to make *respondeat superior* claims against Assistant Warden Stock based on his position as an administrator, those claims are dismissed with prejudice. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) (doctrine of *respondeat superior* does not apply to section 1983 actions).

## Discussion

*Count 1*

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must show that: (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

Following review of the original Complaint, an Eighth Amendment claim was allowed to proceed against Santos for deliberate indifference to Plaintiff's serious medical needs by failing to renew medications for his chronic medical conditions. This same claim proceeds in Count 1 of the Amended Complaint against Santos.

Count 1 will be dismissed, however as to Hanks, Shaw, and Stock. Plaintiff encountered Nurse Hanks in the pill call line on April 11, 2018. He told Hanks that four of his prescription medications, including the ferrous sulfate, had expired and needed to be renewed. Hanks advised Plaintiff that he would have to request a nurse sick call and see the doctor to have his prescription

medications renewed. Plaintiff expressed his concern that he was bleeding internally and needed the ferrous sulfate. Hanks repeated that Plaintiff had to request a nurse sick call. Plaintiff alleges Hanks was rude and unconcerned with his medical condition. This one encounter, however, does not amount to deliberate indifference to a risk of serious harm.

Plaintiff encountered Nurse Shaw in the pill call line on April 20, 2018. He told her he was bleeding internally and having difficulty getting his medication for his chronic conditions renewed. Shaw advised him that there was nothing she could do and that he would have to request a nurse sick call and see the doctor. Plaintiff alleges Shaw was also rude and unconcerned with his medical condition. Like Hanks, this one encounter with Shaw does not amount to a deliberate indifference to a risk of serious harm.

On April 23, 2018, Plaintiff wrote an emergency grievance to Assistant Warden Stock about his difficulty in getting his medications. On May 2, 2018, he wrote a letter to Stock again telling him he had not received his medication. Five days later, Plaintiff was called to the health care unit in response to his grievance and letter to Stock. At the time of the emergency grievance, Stock was adjudicating the administrative grievance—whether it qualified for emergency consideration— not providing medical care. Wardens and top-level administrators are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Further, these allegations do not suggest that Stock facilitated, approved, condoned, or turned a blind eye to unconstitutional conduct. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

*Count 2*

Plaintiff attempts to bring a Fourth and/or Fourteenth Amendment claim premised on the alleged denial of proper medical care at issue in Count 1. Because both Counts are based on the

same alleged misconduct, and because Plaintiff's case is not enhanced by the addition of a Fourth or Fourteenth Amendment claim, Count 2 will be dismissed without prejudice as duplicative. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (courts should analyze similar claims under the most "explicit source[s] of constitutional protection."); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (A claim "gains nothing by attracting additional constitutional labels.").

*Count 3*

To the extent Plaintiff alleges Stock did not properly rule on his grievances in violation of due process considerations, state grievance procedures do not create a substantive liberty interest protected by the Fourteenth Amendment's due process clause. *See Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Absent a protectable liberty interest, there is no right to procedural due process. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). Accordingly, Count 3 will be dismissed without prejudice.

*Count 4*

Plaintiff alleges Defendants violated their official administrative duty to ensure medication was issued timely when requested by Plaintiff. This allegation may be relevant to Plaintiff's deliberate indifference claim in Count 1. It does not, however, translate into a constitutional violation upon which an independent civil rights claim may rest. *See Pasiewicz v. Lake Cnty. Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir. 2001) ( "The federal government is not the enforcer of state law."); *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989) (failure to comply with state mandated duties does not, by itself, amount to a federal constitutional violation). Accordingly, Count 4 will be dismissed without prejudice.

*Count 5*

Plaintiff alleges he is "handicapped as defined by the American Disability Act and the

Veteran's Disability Act" and that Defendants were aware of his disability and knowingly violated his constitutional rights. Even assuming (without deciding) that he is a qualified individual under the ADA, the allegations do not suggest that Plaintiff was denied access to a program or activity because of his disability. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012). Rather, he was allegedly delayed access to medications. Other than Plaintiff's bald assertion that the Defendants' actions violated the ADA and the Veterans' Disability Act, there are no allegations to support a disability act claim. As such, Count 5 will be dismissed without prejudice.

*Count 6*

Plaintiff claims that Defendants were grossly negligent and breached their duty in connection with his medical care. Under Illinois law, a plaintiff who seeks damages for "injuries or death by reason of medical, hospital, or other healing art malpractice" must file an affidavit along with the Complaint in compliance with 735 ILCS 5/2–622(a). This documentation "is required to file a medical negligence claim under Illinois law, even in federal court." *Rusinowski v. Vill. of Hillside,* 835 F.Supp.2d 641, 652 (N.D.Ill. 2011) (citing *Sherrod v. Lingle*, 223 F.3d 605, 613-14 (7th Cir. 2000)). Plaintiff failed to file the documentation required by 735 ILCS 5/2–622(a). Accordingly, Count 6 will be dismissed without prejudice.

*Counts 7*

Plaintiff alleges Defendants are liable for assault, battery, and torture. To the extent that these claims are recognized under Illinois law, they will be dismissed without prejudice as threadbare, conclusory allegations that fail to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

*Count 8*

Plaintiff alleges Defendants conspired to violate his constitutional rights in violation of

18 U.S.C. § 241 and § 242. Sections 241 and 242 are federal criminal statutes regarding civil rights violations. The statutes do not give rise to a civil cause of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Chicago Title & Land Trust Co. v. Rabin*, No. 11 CV 25, 2012 WL 266387, at *5 (N.D. Ill. Jan. 20, 2012) (stating "criminal statutes governing conspiracies against civil rights and deprivation of rights under color of law—such as 18 U.S.C. § 241—do not provide for a private right of action" and collecting cases).

To the extent Plaintiff is alleging a civil conspiracy claim against Defendants, it also fails. A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (quoting *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir.1988)). To establish conspiracy liability in a Section 1983 claim, a plaintiff must show that "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Id*. The allegations in the Amended Complaint do not suggest Defendants conspired to deprive Plaintiff of his constitutional rights.

For these reasons, Count 8 will be dismissed without prejudice.

*Count 9*

Plaintiff alleges Defendants violated the Illinois constitution by failing to renew his medications for his chronic medical conditions and failing to perform their duty to ensure his medication was issued timely when requested by him. As previously discussed with respect to Count 4, the federal government is not the enforcer of state law. Thus, the alleged violation of Illinois constitutional law does not, by itself, state a claim. Count 9 will, therefore, be dismissed without prejudice.

*Count 10*

Plaintiff alleges a violation of 730 ILCS 5/3-6-2 which pertains to the Department of Corrections, Institutions and Facility Administration. Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Count 10 will, therefore, be dismissed without prejudice.

*Count 11*

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017). Plaintiff alludes to "mental anguish" and "emotional injuries" in the Amended Complaint but offers no other allegations in support of a claim for intentional infliction of emotional distress. These allegations are insufficient to state an emotional distress claim. Count 11 will, therefore, be dismissed without prejudice.

**Disposition**

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 19) is **GRANTED** pursuant to Federal Rule of Civil Procedure 15. The Clerk is **DIRECTED** to file the proposed amended complaint as the "First Amended Complaint."

**IT IS FURTHER ORDERED** that **COUNT 1** will proceed against **VENERIO SANTOS**. **COUNTS 2, 3, 4, 5, 6, 7, 8, 9, 10,** and **11** are **DISMISSED** without prejudice. Defendants **ASSISTANT WARDEN DAVID STOCK, DAVID HANKS,** and **ANESSA SHAW** are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** them

as parties in the Court's Case Management/Electronic Case Filing system (CM/ECF).

Defendant Santos is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order and in the original Merit Review Order (Doc. 10).

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: June 26, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**